## Case No. 2,427.

### In re CARPENTER.

[1 N. B. R. 299 (Quarto, 51).][1]

District Court, S. D. New York. Feb. 12, 1868.

FAILURE OF BANKRUPT TO ATTEND EXAMINATION —CONTEMPT.

A bankrupt who fails to attend on the adjourned day of his examination before the register, by reason of sickness, cannot be punished for contempt of court.

[Cited in Re Adams, Case No. 39.]

[On certificate of John Fitch, Esq., register in bankruptcy.]

The following case involving a question of contempt was certified to the judge by Register Fitch. The register's certificate is, to say the least, curious, but it is inserted in pursuance of our custom, to make our reports full and complete.

I, John Fitch, the register in charge of this cause, certify to his honor, the district judge: That the bankrupt, Josiah Carpenter. is now under examination as a bankrupt, and has been for some time; that the bankrupt is attended by E. J.. McGean and Theodore F. Sanxey, as his counsel; that the creditor is attended by B. F. Sawyer and Henry C. Sawyer; that the attorneys in this cause have evinced a most unpleasant and uncourteous feeling towards each other, and the proceedings are conducted as between each other with a bitterness of feeling not usually indulged in; that the feeling evinced on the part of the attorneys for the creditors towards the bankrupt is of the most unpleasant kind; that the bankrupt has attended in obedience to an order, and been examined to a considerable extent. and much testimony has been taken; that the examination has in part disclosed that the wife of the bankrupt has both real and personal property; that as to the question as to the wife of the bankrupt holding property separate and independent of her husband, which cannot be taken by the assignee under the bankrupt law, in the opinion of the register. neither of the attorneys are ready to present the case to the court in a manner sufficiently plain to bring up the question so that it can be certified to the judge in a clear and concise manner, and the examination is proceeding as to other points; that the last examination was had on the 4th day of February, A. D. 1868, and by consent adjourned to the 7th day of February, A. D. 1868, at eleven o'clock a. m., on account of the petitioner having to have one

---

[1] [Reprinted by permission.]

of his great toe-nails, which was growing into the flesh, cut out by a physician; that on the 7th day of February, 1868, the said petitioner did not attend in person, but one of his attorneys appeared for him, and produced a letter from the said petitioner, stating that he was unable to put his boot on, owing to the condition of his toe; the register adjourned the cause, on motion of petitioner's attorney, one day, to enable the petitioner to procure a certificate from his physician as to the condition of his foot; that Henry C. Sawyer, with a witness, soon after called at the office of the register and said they had been to the house of the said petitioner, and the servant told them Mr. Carpenter was out, had gone down town, or words to that effect; the register told said Sawyer to make an affidavit to that effect, and appear with it on the adjourned day. The register was of the opinion, from the appearance of the petitioner on the 4th day of February, 1868, that he was really suffering; that there must be some mistake about the matter; and that the bankrupt would not intentionally deceive the court. Accordingly, I went to the house of the petitioner, and asked for the said Carpenter. He came limping slowly down stairs. I then examined his foot, and found that the letter as to the condition of his foot was not in the least exaggerated. The nail of his great toe had been mostly cut out; that it was painful to a great degree. I examined the foot carefully, and the said Carpenter, in my opinion, told the truth, and was, in fact, as he had represented. On Saturday, February 8, 1868, at the hour of adjournment, the creditor appeared by H. C. Sawyer, and the petitioner by E. J. McGean. H. C. Sawyer proposed to file the affidavits, and asked for a certificate to the district judge, "asking for a commitment of the bankrupt for contempt." The register explained the impropriety of such an act. The said Sawyer then said he would complete his affidavit, and then left. The register told him he would hold the cause open for him to do so. Soon thereafter B. F. Sawyer, the father of H. C. Sawyer, came in, with his son and another attorney in the cause, who represents another creditor. I explained to B. F. Sawyer the condition of the bankrupt, and that it would be unsafe for him to venture out for a few days, with which statement the said B. F. Sawyer seemed perfectly satisfied; he would himself conduct the examination, in place of his son; agreed to have the cause adjourned to the 14th day of February, 1868, at twelve m., and in future there should be no more unpleasantness between himself and the petitioner's attorneys, and that he would proceed to close up the examination with as little delay as possible. The register certifies to the court, that much of the unpleasantness exhibited as between the attorneys in this cause has been caused by the severe and uncalled for remarks of the attorney (H. C.

Sawyer) for the creditor, in relation to the bankrupt; that the register has checked remarks of all the attorneys as far as he could, but not having the power to commit for improper conduct on the part of an attorney, could only resort to moral force, and the examination has proceeded as well as could reasonably be expected, considering the ill-feeling between the parties. The register certifies, that the practice of allowing the petitioner counsel, under the rule in the Patterson Case, is in effect the examination of the counsel, instead of the petitioner; as in this case, the bankrupt has two good lawyers as counsel, who shape and frame nearly all of his material answers, and most tenaciously endeavor to prevent the attorneys for the creditors from obtaining answers to their questions which would show the facts sought to be proved, and hinder and delay the proceedings in the cause by objections, some of which are, but most of them are not material.

The register further certifies, that the bankrupt has shown the utmost respect and obedience to the register—I think, in each instance answering, as advised by counsel, the questions required by the register to be answered—and has attended, on the various times for examination, with all due diligence, and that the register is satisfied that the condition of his foot was a sufficient reason for non-attendance on the 7th of February, 1868, as his counsel was present. The register deems it his duty in this case to certify to the district judge, that the petitioner has been for a long time involved in many lawsuits; that the aforementioned lawyers have brought some of them, and that as between them and the bankrupt there exists an unpleasant feeling—unusually bitter; that up to the 8th day of February, 1868, the examinations have proceeded as fast as the business engagements of four lawyers would admit of; that if the proposition of B. F. Sawyer, to which the counsel for the petitioner assents, can be carried out, namely, that B. F. Sawyer act alone for the creditor, Henry Bow, instead of H. C. Sawyer, assisting him, and the petitioner appearing by one counsel, the examination can proceed harmoniously as between the said B. F. Sawyer and the attorney for the petitioner, and the examination soon be closed.

E. J. McGean and Theodore F. Sanxey, for bankrupt.

B. F. Sawyer and Henry C. Sawyer, for creditor.

BLATCHFORD, District Judge. I can perceive nothing in this case on which I am called upon to pass, except the question whether the bankrupt has done anything to warrant a proceeding against him for contempt. I decide that he has not.

The clerk will certify this decision to the register, John Fitch, Esq.